UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20881-CIV-ALTONAGA/SIMONTON

MIAMI-DADE COUNTY,

    Plaintiff,

v.

JOHNSON CONTROLS, INC.,

    Defendant.
_____/

## ORDER GRANTING, IN PART, DEFENDANT'S MOTION TO COMPEL

This matter arose upon Defendant Johnson Controls, Inc.'s Amended Motion to Compel Non-Party Lea+Elliott, Inc., to Produce Documents Requested Per Subpoena Duces Tecum Served on September 30, 2010 (DE # 61). The Honorable Cecilia M. Altonaga, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge (DE # 14). Non-Party Lea+Elliott, Inc. has filed an Opposition to the Motion (DE # 74), and Defendant has filed a Reply (DE # 82). For the following reasons, the undersigned Grants the Motion to Compel, in part.

    I.    BACKGROUND

This matter was initiated when Plaintiff Miami-Dade County filed a Complaint in the 11th Judicial Circuit in and for Miami-Dade County alleging breach of contract against Johnson Controls, Inc., ("Johnson") related to an accident involving an Automated People Mover at Miami International Airport on November 28, 2008 (DE # 1). The matter was removed to this Court by Defendant Johnson based upon diversity of citizenship.

After removal, Defendant Johnson filed an Answer to the Complaint (DE # 8). On November 16, 2010, the Court granted Plaintiff's Motion for Extension of Discovery

Deadlines and re-set the discovery deadline date for January 10, 2011, the motion deadline date for March 14, 2011, and set the matter for the trial period commencing on July 18, 2011 (DE # 43). On March 15, 2011, Johnson filed the instant Motion to Compel.[1]

## II.     MOTION TO COMPEL

In the Motion to Compel, Defendant Johnson seeks to have non-party Lea+Elliott, Inc., ("Lea") produce documents responsive to a subpoena duces tecum served by Johnson on Lea on or about September 29, 2010. The subpoena, which was submitted with the Motion, seeks thirty-seven different categories of documents and has an October 20, 2010 return date (DE # 61-1). According to the Motion, Lea failed to comply with the subpoena and instead entered an objection to the subpoena regarding the costs associated with the production of the documents.[2] Defendant Johnson states that although it has no objection to reimbursing Lea for the "statutorily approved copying charges", it disputes that it should have to reimburse Lea for the service costs associated with Lea's retrieving and copying the requested documents. In addition, Defendant Johnson contends that Lea has provided consulting services for the Miami-Dade County Aviation Department since at least 2001, and has provided services for issues pertaining to this case, and thus should be able to easily retrieve documents kept in the ordinary course of business without undue burden or expense.

In Response, Non-Party Lea contends that the subpoena at issue is improperly

---

[1] **Defendant Johnson's original Motion to Compel (DE # 58) filed on March 14, 2011 was denied without prejudice by Judge Altonaga due to Defendant's failure to attach a Certificate of Good Faith Conference to the Motion (DE # 62). Defendant filed the instant Amended Motion the following day, which included the Certificate.**

[2] **In the Objection, Lea also objected to the subpoena to the extent that it sought proprietary and trade secret information and to the extent it sought plans and schematics of County facilities (DE # 61-2).**

2

burdensome because it seeks documents that span almost two decades and Lea estimates that it will cost $118,000 to produce the requested documents. In support of this claim, Lea has submitted the Declaration of Daniel J. McFadden, an employee at Lea, who has been tasked with estimating the costs associated with producing the documents requested in Johnson's subpoena (DE # 74-3). According to the Declaration, proper production will require searching the electronic files of fifteen to twenty Lea staff members, in addition to retrieving hard copies of files dating back to 1993 which are likely warehoused in Texas, Miami and Washington, D.C. Further, Mr. McFadden estimates that because, among other things, the documents to be produced must be segregated to protect documents containing proprietary and trade secret information, that the production will require approximately 800 man-hours to produce at a total cost of $118,043.00.

In addition, Lea states that on the return date for the subpoena, Lea emailed its objections regarding the scope of the subpoena to Johnson and further argues that the Motion to Compel is untimely due to the Court's January 10, 2011 discovery deadline. Further, Lea argues that the subpoena seeks documents that Lea is prohibited by law from producing and asserts that the documents should instead be obtained directly from Miami-Dade County, the Plaintiff in this matter. Finally, Lea requests that the Court award it attorney's fees and costs associated with responding to the Motion to Compel.

In its Reply, Johnson counters that the Motion to Compel is timely because the deadline for filing motions in this matter was April 14, 2011, the date Johnson filed its first Motion to Compel (DE # 82). In addition, Johnson contends that Lea waived any objections to the Subpoena by failing to raise those objections within fourteen days of service of the subpoena as required under Rule 45. Also, Johnson contends that the

bulk of the documents that it seeks relate to Lea's post-incident investigation of the accident on November 28, 2009, and, thus in reality, Johnson only seeks limited documents from many years ago.  Further, Johnson takes issue with how much Lea estimates that it will cost to comply with the subpoena, and also disputes that Lea is not involved in this lawsuit other than as a non-expert witness.  Finally, Johnson asserts that it should be awarded attorney's fees as a sanction for Lea's misconduct in failing to respond to the subpoena and in asserting that Lea has not performed significant work in this matter.

>  III.   **LAW & ANALYSIS**

Federal Rule of Civil Procedure 45 sets forth the procedures related to issuing and complying with Subpoenas.  The Rule provides, in relevant part,

> (c) Protecting a Person Subject to a Subpoena.
>
> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
>
> (2) Command to Produce Materials or Permit Inspection.
>
> (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
>
> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or

>  forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
>  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
>
>  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed.R.Civ.Pro. 45.  Thus, the Rule directs, *inter alia*, that after an objection is made, the Court must protect a non-party entity from significant expense when complying with a subpoena.

At the outset, the undersigned notes, notwithstanding the multiple arguments raised by counsel for Defendant Johnson and Non-Party Lea, it is undisputed that in this matter, a Subpoena Duces Tecum was properly served on Non-Party Lea+Elliott, Inc., seeking the production of documents which arguably are relevant to the resolution of this case.  Although Non-Party Lea has asserted that Johnson's Motion To Compel is untimely under the Court's discovery schedule, there has been no objection or response to the Motion to Compel filed by Plaintiff Miami-Dade County regarding the substance of the Motion, or the timeliness of the filing of that Motion.  If Plaintiff Miami-Dade County believed that Johnson's Motion to Compel was untimely, it certainly had ample time to file a Response to the Motion to Compel, yet, did not do so. Thus, there is no basis for Non-Party Lea to raise an objection on timeliness grounds where there is no indication that the production of the subpoenaed documents will interfere with the trial date or any other deadlines in this case, or otherwise affect Lea in any manner other than having to respond to the subpoena.

Further, although Lea asserts that certain documents are restricted from production under the law, Lea has not identified which documents are subject to such laws, and/or has not even identified which laws are at issue, save a reference to "post-9/11 mandates" relating to plans and schematics of government buildings (DE # 74 at 5). Also, to the extent that Lea believes that certain documents are privileged or should otherwise be protected, Lea should seek appropriate relief on that issue, rather than refusing to respond to the subpoena at all. Simply put, Lea has not offered any reason that would warrant the wholesale denial of Defendant Johnson's request for Lea to respond to the Subpoena Duces Tecum.

Similarly, although Defendant Johnson argues that Lea has waived any objections to the Subpoena Duces Tecum, the undersigned concludes that Lea's objection to the subpoena should not be deemed waived. In particular, Lea's written objection was forwarded to Johnson within twenty-days from the date of service of the subpoena and on the return date listed on the subpoena. It is for this reason that the instant case is distinguishable from *Bailey Industries, Inc. v. CLJP, Inc.*, 270 F.R.D. 662 (N.D. Fla. 2010), where the non-party did not submit a written objection at all, let alone on or before the compliance date for the subpoena. Thus, although Rule 45 states that objections should be lodged the earlier of 14 days or the return date of compliance of the subpoena, under the facts of this case, a finding that Lea's objection to costs associated with complying with the subpoena is waived is not warranted. This conclusion is particularly appropriate where Defendant Johnson waited nearly five months after Lea's objection was lodged before filing its Motion to Compel, which pursuant to the Local Rules should have been filed within thirty (30) days from the occurrence that serves as the basis for the motion. *See* S.D. Fla. L.R. 26.1(h) (1). In addition, Johnson filed the Motion to Compel

two months after the discovery period closed pursuant to the Court's Order. Thus, it is hard to fathom how Lea's six-day delay in objecting to the subpoena was in any way detrimental to Johnson.

Moreover, Lea has sufficiently demonstrated that substantial costs will be incurred in responding to the subpoena. The undersigned has reviewed the subpoena at issue and the Declaration provided by Lea and finds that given the scope of the subpoena, the estimated man-hours and costs associated with producing the requested documents are sufficient to establish the burdensomeness of the subpoena and to warrant and order requiring Johnson to reimburse the costs. Accordingly, because Rule 45 requires the Court to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance," Johnson shall bear the reasonable costs associated with Lea's compliance with the Subpoena. *See R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed. Appx. 880, * 2 (3rd Cir. 2002) (finding that district court abused its discretion in denying non-party's request for compensation in responding to subpoena duces tecum without determining existence and magnitude of non-party's expenses). Johnson shall be required to reimburse Lea at the regular hourly salary rate for each employee who is reasonably and necessarily involved in the production of the requested documents. However, due to the sparse description of those services, the undersigned makes no finding regarding the reasonableness of the estimate. Prior to incurring the expense, Lea shall advise Johnson of the particular tasks and the persons who will perform those tasks to enable Johnson to determine whether to narrow the scope of its request. If the parties are unable to agree on the reasonableness of the expense incurred after production has been made, Johnson shall pay the amount it deems reasonable and Lea may file a motion with the Court to award an additional

amount. If such a motion is filed, the Court may award attorney's fees in favor of the prevailing party. At the present time, based upon the record in this case, the undersigned finds an award of fees is not justified.

IV. **CONCLUSION**

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Amended Motion to Compel Non-Party Lea+Elliott, Inc. to Produce Documents Requested Per Subpoena Duces Tecum Served on September 30, 2010 is **GRANTED, in part**. Non-Party Lea+Elliott, Inc., shall produce documents responsive to the Subpoena Duces Tecum served by Defendant Johnson Controls, Inc., on or before May 20, 2011. However, Defendant Johnson Controls, Inc., shall bear the reasonable costs associated with such production. Nothing in this order shall serve as a basis for altering any existing deadlines in the Scheduling Order; nor does it constitute a ruling on the admissibility of any documents.

It is further

**ORDERED AND ADJUDGED** that Defendant Johnson's Request for Sanctions and Non-Party Lea+Elliott, Inc.'s Request for Attorney's Fees and Costs are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on April 21, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Cecilia M. Altonaga,
    United States District Judge
All counsel of record via CM/ECF